UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00275-TWP-DML |
| ) | |
| HAMILTON COUNTY TRUSTEE ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISCUSSING ACTION, AND DIRECTING SERVICE**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Filing No. 8) and Refiled Emergency Motion for Preliminary Injunction (Filing No. 7), and for screening pursuant to 28 U.S.C. § 1915.

I.  **Request to Proceed *in Forma Pauperis***

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Filing No. 8) is **GRANTED** pursuant to 28 U.S.C. § 1915. Plaintiff's affidavit in support of his pauper status is confusing and remains incomplete, however, it appears that he is presently financially unable to pay the filing fee. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS 106067, at *12

(E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

## II.     Screening

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In his Complaint, *pro se* Plaintiff brings a civil action for violation of the Consolidated Appropriations Act, 2021, Division N, Title V, Subtitle A (c)(2)(A) (Pub. L. No. 116–260, 134 Stat. 2072, Dec. 27, 2020). Plaintiff alleges that Defendant Hamilton County Trustee Association wrongfully denied his application for federally funded emergency rental assistance (Filing No. 1 at 2, 5). At this time, the Court has not determined that the action must be dismissed pursuant to § 1915(e) and therefore **shall proceed**. This ruling is without prejudice to the Defendants filing of a

proper Rule 12 motion to dismiss once the Complaint has been served.

### III.     Refiled Emergency Motion for Preliminary Injunction

Preliminary relief is not yet available to Plaintiff because "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (citing *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)); *see Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (holding that because "[s]ervice of process was never complete," the district court "lacked personal jurisdiction over the defendants" and was therefore "without jurisdiction to enter [a] preliminary injunction"). Plaintiff's Refiled Emergency Motion for Preliminary Injunction (Filing No. 7) is **denied as premature**. The Defendant must be served. Once this has occurred, Plaintiff may renew his motion.

### IV.     Service of Process

Because Plaintiff is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for Plaintiff.  Accordingly, the Clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendant Hamilton County Trustee Association in the manner specified by Rule 4(d). Process shall consist of the Complaint (Filing No. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date:   2/24/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Keith Turner
275 Medical Dr., #3457
Carmel, IN 46082

Hamilton County Trustee Association
836 Division Street
Noblesville, Indiana 46060

4