UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00275-TWP-DML |
| | ) |
| HAMILTON COUNTY TRUSTEE ASSOCIATION,[1] | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
MOTIONS FOR INJUNCTIVE RELIEF AND MOTIONS TO PROCEED**

This matter is before the Court on *pro se* Plaintiff Keith Turner's ("Mr. Turner") Motion for Default Judgment (Dkt. 23), Emergency Motions for Preliminary Injunction (Dkts. 24 and 28), as well as two Motions to Proceed on the Merits (Dkts. 26 and 30). For the reasons explained below, the request for a default judgment and motions for injunctive relief are **denied,** and his motions to proceed are **granted in part and denied in part**.

**I.  DISCUSSION**

**A.  Motion for Default Judgment**

In his Motion for Default Judgment, Mr. Turner writes "as of March 28, 2022, the defendant has not served me with a response to the paperwork served on February 24th, 2022" (Dkt. 23). Defendant responds accurately that the time in which they must file a response has not yet expired. The Clerk mailed service to Defendant Hamilton County Trustee (who is improperly named in this action), on February 24, 2022. On March 24, 2022, Westfield Washington Township

---

[1] The Defendant points out that "[t]he named defendant, Hamilton County Trustee Association ("HCTA"), is not an organized legal entity, nor is it responsible for administering the rental assistance program at issue in Plaintiff's Complaint. Instead, Westfield Washington Township is the agent administering the program." (Dkt. 27.) Accordingly, the Clerk is **directed** to correct the caption to reflect Westfield Washington Township as defendant in the case.

appeared by counsel and timely filed a waiver of service, making its answer or responsive pleading due on April 25, 2022, which time has not yet expired. Federal Rules of Civil Procedure 12(a)(1)(A)(ii); (Dkt.18-20). Moreover, Mr. Turner has failed to attach an affidavit in support of his request for entry of clerk's default which states the date on which service of process was perfected on the Defendant, or the date of waiver of service, or to otherwise provide proof of service, as required by Federal Rules of Civil Procedure 55. Accordingly, the Motion for Default Judgment (Dkt. 23) is **denied**.

**B.**     **Emergency Motions for Preliminary Injunction**

Mr. Turner's third and fourth Emergency Motions for Preliminary Injunction, (Dkts. 24 and 28), are **denied**. As he was previously advised, "[a] party seeking a preliminary injunction must satisfy all three requirements in the threshold phase by showing that (1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." (quoting *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal quotation omitted). *See* Dkt. 6 at 2. Mr. Turner has failed to satisfy any of the requirements for preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

**C.**     **Motions to Proceed on the Merits**

As far as the Court can discern, in his Motions to Proceed on the Merits (Dkts. 28 and 30), Mr. Turner is explaining his claims and how he was discriminated against by the Defendant. He informs the Court that an "expedited decision is necessary to ensure not only justice, but my continued survival." (Dkt. 30 at 2.) These Motions are **granted in part and denied in part**. They are **granted** in that at this stage of the proceedings, the case may proceed. The Motions are **denied**

in that the Federal Rules of Civil Procedure guide the progression of a case, and the motions before the Court require no specific action by the Court.[2]

In its Entry Granting Motion to Proceed *in Forma Pauperis*, Discussing Action, and Directing Service, (Dkt. 9), the Court informed Mr. Turner that it had "not determined that the action must be dismissed pursuant to § 1915(e) and therefore shall proceed. This ruling is without prejudice to the Defendant[']s filing of a proper Rule 12 motion to dismiss once the Complaint has been served." *Id*. at 2-3 (emphasis omitted). In its Response to the motion for default Judgment, Defendant has provided notice of its intent to timely file a motion to dismiss Mr. Turner's complaint. (Dkt. 27 at 2.) Defendant asserts that "the motion to dismiss will explain that Plaintiff's Complaint fails to state a claim because, among other reasons, the federal rental assistance program at issue does not provide a private cause of action and Westfield Washington Township is immune from suit." *Id*. It appears that this is how the case will proceed. If a motion is filed, Mr. Turner will have an opportunity to respond and following Defendant's reply, the Court will issue a ruling.

## II.  CONCLUSION

For the reasons stated above, *pro se* Plaintiff Keith Turner's Motion for Default Judgment (Dkt. 23) is **DENIED**, his Emergency Motions for Preliminary Injunction, (Dkts. 24 and 28), are **DENIED**, and his Motions to Proceed on the Merits (Dkts. 26 and 30) are **GRANTED** in that the case shall proceed, but **DENIED** in that the motions require no action by the Court.

**SO ORDERED**.

Date: 4/11/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[2] A Notice to Pro Se Litigants has been filed by the Clerk of Court which informs Mr. Turner about some of the rules and procedures governing disposition of a case. (*See* Dkt. 31.) In addition, the United States District Court, Southern District of Indiana "Pro Se Handbook" can be found at https://www.insd.uscourts.gov/ sites/insd/files/Pro%20Se%20 Handbook.pdf. The handbook may provide some guidance concerning the progression of a civil case.

DISTRIBUTION:

Mr. Keith Turner
275 Medical Drive, #3457
Carmel, Indiana 46082

Jacob V. Bradley
QUARLES & BRADY LLP
jacob.bradley@quarles.com

Lucy Renee Dollens
QUARLES & BRADY LLP
lucy.dollens@quarles.com