UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00275-TWP-DML |
| | ) |
| HAMILTON COUNTY TRUSTEE ASSOCIATION, and WESTFIELD WASHINGTON TOWNSHIP, | ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Hamilton County Trustee Association and Westfield Washington Township (collectively, "Defendants") (Dkt. 38). *Pro se* plaintiff Keith Turner ("Turner") brought this action against the Defendants after he was denied rental assistance under the federal Emergency Rental Assistance Program created by the Consolidated Appropriations Act of 2021 (Dkt. 1). The Defendants ask the Court to dismiss Turner's civil action because his Complaint fails to state a claim upon which relief can be granted. For the following reasons, the Court **grants** the Motion to Dismiss.

I.   <b>BACKGROUND</b>

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Turner as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

> Defendant denied [Turner's] application for federally funded Emergency Rental Assistance Program on the grounds it was fraudulent. An erroneous

assertion. All information on the application was valid and verified by the defendant, but [Turner] was still denied after review. Reasoning used by the defendant could have been used immediately to verify or deny [Turner]. Instead, defendant waited almost a month to deny [Turner] knowing full well how dire [his] financial situation is as a result of the files the defendant received and reviewed weeks prior. [Turner is] currently living out of rental cars as a direct and indirect result of COVID-19. Without adequate workspace, [Turner] cannot perform the various tasks required of [him] for [his] businesses to flourish. The arrested development is a direct result of the defendant's negligence of [Turner's] application. Business strategies, financial strategies, and professional relationships are being interfered with as a result of defendant's unfair assessment. [Turner's] application was received on December 27, 2021. It was denied on January 21, 2022. Including time necessary for [Turner] to research how, if possible, legal action could help, it has been over a month since [Turner] applied. That's a month of lost productivity and a month of lost networking opportunities.

(Dkt. 1 at 5.)

Based on these facts, Turner filed his Complaint to bring a civil action for violation of the Consolidated Appropriations Act, 2021, Division N, Title V, Subtitle A (c)(2)(A) (Pub. L. No. 116–260, 134 Stat. 2072, Dec. 27, 2020) ("CAA"). Turner alleges that the wrongful denial of rental assistance has led to damages in the amount of $131,276,556.00 as of the date of the filing of his Complaint on February 3, 2022 (Dkt. 1 at 5).

After filing a waiver of the service of summons and filing attorney appearances, the Defendants filed their Motion to Dismiss, asserting that Turner has failed to state a claim upon which relief can be granted (Dkt. 38).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633.

However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court notes that:

> [I]t is also well established that pro se litigants are not excused from compliance with procedural rules. [T]he Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.] Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Loubser v. United States*, 606 F. Supp. 2d 897, 909 (N.D. Ind. 2009) (citations and quotation marks omitted).

### III. DISCUSSION

In their Motion to Dismiss, the Defendants advance three arguments for dismissal: (1) the federal statutes upon which Turner bases his claim do not provide a private right of action; (2) the Defendants have immunity from Turner's claims, and even if they did not, Turner failed to file the requisite tort claim notice prior to filing this lawsuit; and (3) Turner's damages are not plausible or recoverable. (Dkt. 39). Turner filed several responses in opposition to the Motion to Dismiss, dkts. 40, 41, 43, 44, and 48; accordingly this motion is ripe for ruling.

Because the first argument is dispositive of this action, the Court will address only that first argument. The Defendants assert that the Coronavirus Aid Relief and Economic Security Act ("CARES Act"), which was continued by the CAA and the American Rescue Plan Act, allocated funds for rental assistance, but none of these Acts provides a private cause of action. The CARES Act allocated billions of dollars to the States as discretionary funding to mitigate the effects of the coronavirus pandemic. State governments could distribute funds to local governments to meet the needs of renters and landlords. This funding allowed for financial assistance for renters directly impacted by the COVID-19 outbreak. The CAA extended the discretionary funding initially provided by the CARES Act and provided billions of dollars to assist households with the payment of rent and utilities. The Defendants explain that the CAA limited the eligible grantees of the Emergency Rental Assistance Program funds to the fifty States, the District of Columbia, and units of local government located in a State. *See* 15 U.S.C. § 9058a(b)(1)(B).

The Defendants argue the CARES Act and the CAA do not provide a private right of action, so Turner's lawsuit must be dismissed. The Defendants point out that only Congress can create

federal jurisdiction. *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280–82 (7th Cir. 2009). "Without statutory intent, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 282–83 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001)); *see also Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1015 (2020) ("[P]rivate rights of action to enforce federal law must be created by Congress and raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals."). The Defendants note that neither the CARES Act nor the CAA expressly create a private right of action.

The Defendants further assert that Congress did not impliedly create a private right of action under the CARES Act or the CAA. They note,

> Courts have consistently held that Congress did not intend to create a private cause of action under the CARES Act. *See Walters v. Mnunchin*, No. 3:21-cv-275, 2021 WL 2105387, at *4 (N.D. Ind. May 25, 2021); *Graham v. Payne*, 2022 WL 815138, at *2 (N.D. Ind. Mar. 17, 2022) ("she could not separately bring a private right of action under the CARES Act.") (collecting cases); *Phelps v. Mnunchin*, No. 3:21-cv-327, 2021 WL 2138506 at *4 (N.D. Ind. May 26, 2021) ("Additionally, there is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds, and '[i]t is not this Court's function to raise up a cause of action where a statute has not created one.'"); *Wheat v. Mnunchin*, Case No. 2:21-cv-5 ACL, 2021 WL 1751299, at *4 (N.D. Mo. May 4, 2021); *Coy v. Trump*, No. 21-cv-01344-PJH, 2021 WL 965321, at *3-4 (N.D. Cal. Mar. 15, 2021); *Profiles, Inc. v. Bank of America Corp.*, 453 F.Supp.3d 742, 752 (D. Md. 2020) ("To the extent Congress intends to create such a private right of action, it will be able to make its intent clear, if it ultimately amends the CARES Act, as is widely anticipated. Creation of that remedy, however, is not within the purview of this Court.") For the reasons explained in these cases, this Court should likewise rule that Congress did not imply a private cause of action under the CARES Act or the CAA.

(Dkt. 39 at 6.)

The Defendants argue Congress did not imply a private cause of action under the CAA because the statute focuses on State and local governments as grantees of federal funds and the

5

distribution of those funds through the State and local governments. There is nothing in the language of the CAA that could imply a private right of action in federal court by an individual citizen. It is not for "the court, to make determinations on whether an individual is eligible and meets the various criteria delineated in the Act." *Walters*, 2021 U.S. Dist. LEXIS 98649, at *8–9 (N.D. Ind. May 25, 2021). Rather, grantees (the State or local governments) are authorized to render eligibility decisions. *See* 15 U.S.C. § 9058a (k)(3)(A) (listing several factors for grantees to consider, and "with respect to which the eligible grantee involved determines" eligibility).

In opposing the Motion to Dismiss, Turner argues,

> CAA gives specific criteria under which grantees are to pay individuals. By giving exact criteria under which payments are payable, i.e. circumstances under which "eligible households" are to receive benefits, congress expressly gave rights of action to the class who meets the criteria put forth in the relevant legislation of the CAA. As the defense would not process my application without documentation proving my eligibility, evidenced in the emails between the defendant and the plaintiff submitted to the court; plaintiff was eligible. As such, plaintiff has a right to private action.
>
> Congress doesn't need to imply what is expressly stated in CAA. Because CAA expressly states eligibility criteria, there is no need to prove it was implied.

(Dkt. 44 at 1.)

Turner further argues, "in conclusion, plaintiff used federal legislation as a basis for private right of action. The CAA does give eligible parties private right of action denoted by its listing of criteria for eligibility which clearly and obviously, removes discretion from the hands of grantees." *Id.* at 3.

Turner also asserts,

> Defendant alleges that plaintiff's averment that the CAA provides private cause of action is erroneous. Plaintiff's complaint specifically details legislation that lists criteria which creates a class of persons eligible to receive benefits. By creating a class of entitled individuals, CAA, and therefore Congress, expresses explicit intention to create private cause of action for those individuals. This is expounded

> upon in the motion for denial of dismissal. This and the other reasons listed preclude impartial dismissal of the complaint.
>
> By presenting evidence supporting the argument that the CAA explicitly creates a private cause of action, plaintiff made an argument that precludes necessity for further argument on cause of action, implicit or otherwise. As a result, plaintiff maintains right to defend implicit private cause of action, and maintains position denying dismissal.

(Dkt. 48 at 2.)

Upon reviewing the relevant portions of the CAA, the cited case law, and the parties' arguments, the Court concludes that the Defendants' position is well-taken, and this action must be dismissed. The Court follows the decisions in *Walters*, *Graham*, *Phelps*, *Coy*, and *Profiles, Inc.* cited above; there is no private right of action created, expressly or impliedly, by Congress in the CAA or the CARES Act. Turner suggests that because a lawsuit mentions violation of a federal statute that federal jurisdiction in the federal district courts is automatic, but the Seventh Circuit and the Supreme Court have been clear that this is not the case. The existence of a private right of action also is necessary. "[W]hen the basis of the action is a federal statute, a federal cause of action must exist as well for a federal court to hear a given claim; the general grant of federal question jurisdiction contained in § 1331, without a federal cause of action, is not enough." *Ward*, 563 F.3d at 281–82 (citing *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 456 (1974)). "[I]t is Congress, not this or any other court, that creates private causes of action to enforce federal law." *Id.* at 282.

### IV.    CONCLUSION

The Court is sympathetic to Turner's homelessness, however, he has failed to state a claim upon which relief can be granted in this court. For the reasons stated above, the Court **GRANTS** the Defendants' Motion to Dismiss (Dkt. 38). *Pro se* plaintiff Keith Turner's civil action is

**dismissed with prejudice**[1] because allowing amendment of the pleadings would be futile as there is no private right of action in this instance. Final judgment will issue under separate order.

The **Clerk is directed** to terminate the "motions" filed at Dkts. 40, 41, 43, 44, and 48, because those filings consist of Turner's briefs in opposition to the Defendants' Motion to Dismiss, and, therefore, they are not motions. Furthermore, the Court **denies as moot** Turner's "Motion for Preferred Correspondence." (Dkt. 45.)

Final judgment will issue under separate order.

**SO ORDERED.**

Date: 5/20/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Keith Turner
275 Medical Dr. #3457
Carmel, IN 46082

Keith Turner
Horizon House
1033 E. Washington Street
Indianapolis, IN 46202

Jacob V. Bradley
QUARLES & BRADY LLP
jacob.bradley@quarles.com

Lucy Renee Dollens
QUARLES & BRADY LLP
lucy.dollens@quarles.com

---

[1] The Seventh Circuit has noted that "dismissal under Rule 12(b)(6) . . . is a dismissal with prejudice." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015).