UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00275-TWP-DML |
| ) | |
| ) | |
| ) | |
| WESTFIELD WASHINGTON TOWNSHIP, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING REQUEST FOR SERVICE

This matter is before the Court on *pro se* Plaintiff Keith Turner's ("Mr. Turner") Request for Service (Dkt. 81). Mr. Turner brought this action against Defendants Hamilton County Trustee Association and Westfield Washington Township ("Defendant") after he was denied rental assistance under the federal Emergency Rental Assistance Program created by the Consolidated Appropriations Act of 2021 (Dkt. 1). The Court's April 11, 2022 Order (Dkt. 32) terminated the Hamilton County Trustee Association as a defendant and substituted Westfield Washington Township as the correct and sole defendant. On May 20, 2022, the Court granted the Defendants' Motion to Dismiss (Dkt. 51) and entered Final Judgment (Dkt. 52). The Court also denied Mr. Turner's motions for relief from the judgment and motions to reconsider. Thereafter, he filed a timely Notice of Appeal (Dkt. 61) and his appeal is pending before the Seventh Circuit Court of Appeals. For the following reasons, Mr. Turner's Motion is **denied**.

### I. DISCUSSION

In his most recent post-judgment filing, Mr. Turner asks the Court to "provide service in accordance with Indiana Code 34-13-3-8". (Dkt. 81.) He writes: "[p]er my complaint, the

defendant's wrongful denial of my claim has me to be homeless and as a result, the defendant exerts undue influence over me." *Id*. The Court discerns that Mr. Turner is again asking it to reconsider the order granting Defendant's Motion to Dismiss (Dkt. 62) and orders denying his two Motions to Reconsider (Dkts. 65 and 71). This Motion is **denied** for several reasons.

First, this Court no longer has jurisdiction to rule on motions related to the issues before the Court of Appeals. "The fling of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60 (1982).

Second, this case is closed and on appeal to the Seventh Circuit Court of Appeals. If the trial court dismissed this case in error, the Court of Appeals will make that ruling. Accordingly, post-trial motions related to Mr. Turner's appeal must be filed with the Court of Appeals and not the district court.

## II.  CONCLUSION

For the reasons explained above, Mr. Turner's Request for Service (Dkt. 81) is **DENIED**. If Mr. Turner continues to file motions related to litigation of the appeal in this Court, those motions will be summarily denied.

**SO ORDERED.**

Date:   8/3/2022

*[Signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution by email:

Keith Turner
keithspadez@gmail.com

Jacob V. Bradley
QUARLES & BRADY LLP
jacob.bradley@quarles.com

Lucy Renee Dollens
QUARLES & BRADY LLP
lucy.dollens@quarles.com

PACER Service Center
pacer@psc.uscourts.gov

Distribution by U.S. mail:

Keith Turner
275 Medical Dr. #3457
Carmel, IN 46082

PACER Service Center
P.O. Box 780549
San Antonio, TX 78278