UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00275-TWP-DML |
| | ) |
| | ) |
| WESTFIELD WASHINGTON TOWNSHIP, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

This matter is before the Court on *pro se* Plaintiff Keith Turner's ("Mr. Turner") Motion for Reconsideration pursuant to Federal Rules of Civil Procedure Rule 60(b). (Dkt. 84.) For the reasons stated below, the Motion is **denied**.

**I.      BACKROUND**

Mr. Turner initiated this action against Defendants Hamilton County Trustee Association and Westfield Washington Township ("Defendants") after he was denied rental assistance under the federal Emergency Rental Assistance Program. (Dkt. 1.) In particular, in December 2021, Mr. Turner sought housing benefits from a local program funded by the federal Coronavirus Relief Fund. That Fund was created and funded by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 42 U.S.C. § 801, the Consolidated Appropriations Act of 2021, 15 U.S.C. § 9058a, and the American Rescue Plan Act of 2021, 15 U.S.C. § 9058c. Mr. Turner applied to Westfield Washington Township ("the Township") for the benefits, but the Township denied the application because it concluded, incorrectly, that the application was fraudulent.

On April 11, 2022, Hamilton County Trustee Association was terminated as a defendant in this action and the Westfield Washington Township was substituted as the correct and sole

defendant. (Dkt. 32.) On April 13, 2022, the Township moved to dismiss the Complaint, arguing that the Acts do not authorize private lawsuits to recover benefits. (Dkt. 38.) On May 20, 2022, the Court agreed and dismissed the Complaint. (Dkt. 51.) Mr. Turner filed a notice of appeal on May 30, 2022 (Dkt. 61). On November 28, 2022--while his appeal was pending--Mr. Turner filed the instant Motion for Reconsideration (Dkt. 84). Before the time allowed for the Township's response had expired, on December 9, 2022, the United States Court of Appeals for the Seventh Circuit Court issued its Mandate affirming the dismissal of the federal claims on the merits but modifying the judgment to provide that any state claims are dismissed without prejudice. (Dkt. 86.) *See Turner v. Westfield Washington Township*, 2022 WL 17039087 (7th Cir. 2022). An Amended Final Judgement dismissing the federal claims with prejudice and the state claims without prejudice was issued on December 14, 2022 (Dkt. 87).

## II. DISCUSSION

In his Motion for Reconsideration, Mr. Turner seeks reconsideration under Federal Rule of Civil Procedure 60(b). He argues the trial court "submitted a number of clearly and plainly unjust and unlawful orders against me. Most recently, it affirmed the dismissal of the previous court. The previous court dismissed my case for lack of jurisdiction." (Dkt. 84 at 1). The remainder of Mr. Turner's 13 page Motion details his belief that this federal court has jurisdiction to grant the relief requested—that being monetary damages—that his Complaint stated a claim under 42 U.S.C. § 1983 which should succeed, and that the Court erred in ignoring his tort claims. *Id*. at 2-13.

Courts grant relief under Rule 60(b) only in exceptional circumstances. *See Trade Well International v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016). The disposition of a Rule 60(b) motion is within the district court's discretion and is reviewed only for an abuse of discretion.

*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The Rule provides that the district court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud, misrepresentation, or misconduct by an opposing party; voidness of the judgment; satisfaction of the judgment; or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Although the Seventh Circuit had already issued a mandate affirming this Court's dismissal of the Complaint, a district court may consider a Rule 60(b) motion even after the Court of Appeals has issued a mandate. [1] Accordingly, the Court exercises its discretion and issues a ruling on the merits of the motion.

The Court finds no error or mistake in its ruling that Mr. Turner's Complaint should be dismissed. The Court was not mistaken in finding that Mr. Turner has no private right of action. In its Mandate, the Court of Appeals confirmed:

> Here, a right to privately enforce the benefits provisions of the Acts cannot be inferred. Without clear statutory intent to create a private right of action, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017). Turner apparently interprets the statutes as granting an individual right to the benefits if the criteria are met. But the Acts are directed at the Secretary of the Treasury, who must distribute program funds to local governments, which determine eligibility and pay covered expenses for those who qualify. 42 U.S.C. § 801(b)(1); 15 U.S.C. §§ 9058a(b)(1), (c)(1), 9058c(b)(1), (d)(1). Nothing in any of

---

[1] The Seventh Circuit addressed this issue in *LSLJ Partnership v. Frito-Lay, Inc.*, 920 F.2d 476, 479 (7th Cir. 1990), and held that a district court may consider a Rule 60(b) motion even after the Court of Appeals has issued a mandate affirming the district court. In a more recent unpublished decision, the Seventh Circuit explained that the district court must seek permission to correct a judgment while an appeal is pending because "only one court at a time has jurisdiction" over a case. *Wells Fargo Bank, N.A. v. Moore*, 618 F. App'x 857, 857 (7th Cir. 2015). "Once the mandate has issued, however, the district court's authority resumes." *Id.* Because the Court has discretion to rule on Mr. Turner's Rule 60(b), it must exercise its discretion and issue a decision on the merits. *See Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882 (7th Cir. 2020) (stating that a trial court abuses its discretion if it wholly fails to recognize and exercise its discretion under Rule 60(b)); *Smith v. Peters*, 935 F.2d 272 (Table), *1 (7th Cir. 1991) ("A district court may abuse its discretion by failing to exercise its discretion.").

3

>    the Acts secures a right to benefits for individual applicants. Turner might have an administrative claim under state law, but the Acts do not confer individual rights or create a private enforcement mechanism.

(Dkt. 86 at 4).

Concerning Mr. Turner's assertion that his Complaint contained a federal §1983 claim, the Seventh Circuit held "… under our de novo review, Turner's complaint did not state a § 1983 claim because it did not allege that he was deprived of a federal statutory or constitutional right. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 119–20 (2005)**."** (Dkt. 86 at 5.)

As for his argument that the trial court wrongfully ignored his tort claim, the Seventh Circuit noted that Mr. Turner

>    … cites no authority (and we are aware of none) establishing a tort claim for the wrongful denial of benefits. We need not decide this issue, however. The district court acknowledged, but did not address, the Township's argument that Turner failed to state a tort claim. This was sensible given the presumption that, when a court dismisses a lone federal claim on the merits, it will relinquish subject-matter jurisdiction and dismiss any pendent state-law claims without prejudice under 28 U.S.C. § 1367(c)(3). *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018). We therefore modify the judgment to provide that any state claims are dismissed without prejudice.

*Id.* at 6.

The Court did not make a mistake or manifest error of law in dismissing this action. As the appeals court noted, Mr. Turner's original judgment reflected a dismissal "for lack of jurisdiction," but the court's reasoning on the federal claim was not jurisdictional. (Dkt. 86 at 6). A motion challenging "the existence of a federal cause of action" attacks the merits. *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 557 (7th Cir. 2021). The appeals court pointed out that the courts' memorandum opinion recognized this by correctly granting dismissal of the federal claims under Rule 12(b)(6) (not Rule 12(b)(1)) and dismissing "with prejudice." *Lewert v. P.F. Chang's China Bistro*, Inc., 819 F.3d 963, 969 (7th Cir. 2016). Moreover, the Amended Final Judgment

(Dkt. 87) corrects any mistake as Mr. Turner's state law claims are dismissed without prejudice. Accordingly, the Motion for Reconsideration is **denied**.

### III. CONCLUSION

For the reasons explained above, Mr. Turner's Motion for Reconsideration, Dkt. [84] is **DENIED**.

**SO ORDERED.**

Date: 6/5/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION BY EMAIL:

Keith Turner
keithspadez@gmail.com

Jacob V. Bradley
QUARLES & BRADY LLP
jacob.bradley@quarles.com

Lucy Renee Dollens
QUARLES & BRADY LLP
lucy.dollens@quarles.com

PACER Service Center
pacer@psc.uscourts.gov

DISTRIBUTION BY U.S. MAIL:

Keith Turner
275 Medical Dr. #3457
Carmel, Indiana  46082

PACER Service Center
P.O. Box 780549
San Antonio, Texas  78278